## KATHERINE WOODS *v.* D. R. DAVIDSON.

APPEAL. *Bond. Suit in forma pauperis.*

A litigant, who has commenced suit *in forma pauperis* in a Justice's Court, cannot appeal without bond from an adverse decision. Const., art. 6. § 23; Code 1871, §§ 571, 1332.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

The plaintiff in error, who sued *in forma pauperis* before a justice of the peace, made the usual affidavit for appeal from an adverse decision; but, as she gave no appeal bond, a motion by the defendant in error, in the Circuit Court, to dismiss the appeal, was sustained.

*L. Kimball,* for the plaintiff in error.

All persons who are injured, have, by Const., art. I. § 30, a right to sue for redress, which the legislature cannot abridge. The fact that the suit is *in forma pauperis* supersedes the requirement of an appeal bond.

*Martin & Bates,* for the defendant in error.

Although the plaintiff in error, under Code 1871, § 571, sues *in forma pauperis*, she is required, under Code 1871, § 1332, to give bond for appeal to the Circuit Court.

CHALMERS, J., delivered the opinion of the court.

The controlling question presented by the record is, whether a litigant, who has commenced a suit *in forma pauperis* in the Justice's Court, is entitled to appeal, without bond, from an adverse decision. The Constitution of the State (art. VI. § 23) provides that, " in all causes tried by a justice of the peace, the right of appeal shall be secured, under such rules and regulations as shall be prescribed by law." Sect. 1332 of the Code of 1871, in obedience to this provision of the Constitution, prescribes the rules and regulations for such appeals, and declares that " the party praying such appeal shall give bond, with security to be approved by said justice, payable to the opposite party, in the penalty of two hundred dollars."

We think that this mandatory requirement is not affected by § 571 of the Code, which, in effect, provides that any resident of the State may institute his suit without the prepayment of costs, and without giving security therefor, upon affidavit that " he believes there is just cause for the action, and that he is not able to pay the cost or give security for the same." Construing the two sections together, it must be held that the latter applies only to the court in which the suit is commenced, and authorizes its prosecution to

final judgment there; but that when the party against whom the case is decided desires a revision in a higher tribunal, he must conform to the general statutes regulating appeals.

*Judgment affirmed.*