GEORGE B. KITTLE *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[45 South., 867.]

1. COSTS.  *Security.  Dilatory tender.*

Unless plaintiff's neglect to give security for costs within the time allowed therefor be prejudicial to defendant, he may give the same at any subsequent time prior to dismissal of the suit.

2. SAME.  *Discretion.  Review on appeal.*

The discretion exercised by a trial court in refusing to allow security for costs to be given after the time prescribed therefor is reviewable by the supreme court.

FROM the circuit court of Washington county.

HON. SYDNEY M. SMITH, Judge.

Kittle, appellant, was the plaintiff in the court below, and the railroad company, appellee, defendant there.    From a judgment in defendant's favor plaintiff appealed to the supreme court.

Kittle recovered a judgment against the railroad company

before a justice of the peace and the railroad company appealed
to the circuit court.   Thereafter the clerk of the circuit court,
acting for himself in his own right and independently of the
litigants, made a motion, supported by affidavit, under Code
1906, § 940, for costs; and at the following term of court, in
June, 1907, an order was made by the court requiring the plain-
tiff to give security for costs within sixty days.   Security was
not given, by plaintiff within the sixty days.   After the ex-
piration thereof, but before the convening of the next term of
the court, the attorney who brought the suit was killed, and
plaintiff employed other counsel, who in November, 1907,
twenty days before the December, 1907, term of the court, ten-
dered the necessary bond for costs to the clerk of the court and
the same was accepted and filed.   Several days after the court
convened, the defendant railroad company made a motion to dis-
miss the cause because of plaintiff's failure to give security for
costs within sixty days from the date of the order.   The
court below sustained the motion, holding that sufficient cause
for plaintiff's failure to file bond within the sixty days had not
been shown.

*Campbell & Cashin,* for appellant.

An examination of Code 1906, § 940, will show that its pur-
pose is simply to secure the payment of officers' fees and costs
which might be adjudged to the defendant in case the plaintiff
should fail to obtain judgment.   The object of the statute had
been fully attained by the giving of security for costs twenty
days before the first day of the term of court.   *Kyle* v. *Stinson,*
13 Smed. & M., 301.

While it is true that permission to a party to give security
for costs after the expiration of the sixty days from date of or-
der is within the discretion of the court, and while it is true
that the cost bond in this case was filed without plaintiff's first
having obtained permission of the court therefor, yet such per-
mission could not have been obtained at the time the bond was

filed inasmuch as court was not then in session. The statute makes no provision for obtaining the permission of the judge in vacation for the filing of security for costs.

The discretion which is vested in the court does not mean an unjust and arbitrary use of judicial power simply for the purpose of giving advantage to one party to a suit without any corresponding benefit to the other party thereto; but it does mean such discretion as the parties have a right to require to be exercised with due reference to sound reason and the usage of courts.

Appellee has been in no way prejudiced by appellant's failure to file the cost bond within the sixty days' period.

The undoubted weight of authority is that the penalty of dismissal should not be visited upon a plaintiff merely for his failure to file security within the designated time. It has been held by some authorities that security offered at any time before dismissal should be received. It has been also held that security tendered before motion to dismiss, although after the expiration of the time allowed, should be received, or that security may be given at any time before trial. 11 Cyc., 185, 186.

*Mayes & Longstreet,* for appellee.

Whether a cause should be dismissed because of the plaintiff's failure to give security for costs within the statutory period fixed by Code 1906, § 940, is a matter largely within the discretion of the court at the succeeding term; and if, at that term, the delinquent party makes a showing to the court excusing himself reasonably on account of the failure to execute the same, it is within the court's discretion to permit him, even at the succeeding term, to file the bond if he can meritoriously urge before the court any good and sufficient réason excusing himself for its failure to comply with the court's order.

Code 1906, § 940 does not imply that such a delinquent has a right at any time to go into court and file cost bond. If he permits the time fixed by the court for the execution of the se-

curity to lapse without compliance, he then can only obtain thereafter the right to file the bond by leave of court. The discretion of the court will be exercised in his favor only when he presents such excuse as would impress a fair-minded man or judge with the fact that he should not be cut off from his rights because of the happening of some unforeseen and unavoidable mishap or misfortune.

While it is true that statutes in reference to costs are not construed harshly in order to cut off the rights of litigants, yet at the same time it is quite as wise and beneficial to construe these laws so that they will command respect and will not be avoided except by meritorious excuses for non-compliance.

The only fact urged in the court below to excuse Kittle's indifference and neglect was the fact that his counsel had died, and it then appeared that his death did not occur until after the sixty days from the adjournment of court. That is to say, the delinquency had become complete before the death of such counsel.

In the case of *Kyle* v. *Stinson,* 13 Smed. & M., 301, the court on the showing there made permitted the cost bond to be filed at the succeeding term. The facts of that case and the meritorious showing made by the delinquent do not appear in the report of the case. Therefore, we have no means of knowing the excuse charged by the delinquent. But it will suffice to state that a showing was made and a bond was tendered and the reasons which were then submitted to the trial judge impressed him as being reasonable and sufficient to justify and excuse plaintiff's non-performance. Having exercised his judicial discretion the appellate court held that such discretion should not be overruled. But in the case at bar we have before us the reasons fully stated, which are not sufficient in law.

MAYES, J., delivered the opinion of the court.

It was not within the power of the clerk of the court to accept the bond for cost after the time limit fixed by order of the court; but, under the facts in this case, we think the court should have

allowed the bond to be filed after the expiration of the sixty
days.   The motion for costs was not made by appellee, nor was
it made exclusively for its benefit.   The record does not show
that appellee was damaged in any way by the failure of appel-
lant to file the cost bond within the time directed by the court.
If it were shown that the failure of appellant to comply with
the order of the court requiring bond to be given within the
sixty days had operated to the prejudice of the appellee in any
way, we should not disturb the ruling of the court denying him
the right to file the bond at a subsequent time; but no prejudice
is shown.   In the case of *Kyle v. Stinson,* 13 Smed. & M., 301,
the court says: "The object of the statute was to secure the pay-
ment of the costs which might be adjudged to the defendant, in
case the plaintiff failed to obtain judgment, and the fees which
were or might become due to the officers of the court."

When we keep in mind the fact, as stated in the opinion
above, that the object of this statute is to secure the payment of
costs, and not to enable one having a just claim against another
to be defeated in maintaining his suit, we are bound to reach
the conclusion that the court below should have allowed the fil-
ing of this bond after the sixty days had expired.   The purpose
of the statute would have been fully attained by allowing the
bond for cost to be given in this case after the time required by
the order.   In all cases where it is not shown that the failure
to comply with the order of the court as to time has operated
injuriously to the rights of other parties to the litigation, the
cost bond should be allowed to be filed at any time before the
actual dismissal of the suit.   In short, it is largely a matter of
discretion with the trial court, subject to review by this court
when improperly exercised.   11 Cyc., 186; *Kyle* v. *Stinson,*
13 Smed. & M., 301.

*Reversed and remanded.*