## J. C. Wright *v.* F. M. Stanford.

[57 · South. 289.]

1. Code of 1906, Section 940. *Security for cost. Failure to give. Dismissal.*

Where in a suit plaintiff is required by the court to give bond for cost under Code of 1906, section 940, in sixty days, but fails to give such bond until the sixty-first day, the case should not be dismissed, where it is not shown that the failure to comply with the order of the court as to time has operated injuriously to the rights of other parties to the litigation.

2. Same.

In such case the cost bond should be allowed to be filed at any time before the actual dismissal of the suit.

Appeal from the circuit court of Tippah county.

Hon. C. L. Crum, Special Judge.

Suit by J. C. Wright against F. M. Stanford. From a judgment of dismissal plaintiff appeals.

On January 17, 1910, the plaintiff filed his declaration in the circuit court for damages for slander. On the first day of the July term (July 4, 1910), an order was entered requiring the plaintiff to give security for costs within sixty days. On September 3, 1910 (sixty-one days later), plaintiff filed his bond, which was approved by the clerk. On the first day of the January term, 1911, defendant filed his pleas to the declaration, and five days later the plaintiff filed his replication to said pleas. Two days thereafter the defendant filed his motion to dismiss the suit, "because no bond was filed within the time limited by law and the order of the court." The court sustained the motion, and the plaintiff appealed.

Section 940 of the Code contains the following provisions: "The plaintiff or complainant may be required . . . to give security for all costs accrued and to

accrue in the suit within sixty days after the order of
the court made for that purpose. . . . . If the security
be not given the suit shall be dismissed and execution
issued for the costs that have accrued; but the court may,
on cause shown, extend the time for the giving of the
security.''

*Thomas E. Pegram,* for appellant.

Section 940 of the Code of 1906 provides that ''the
plaintiff or complainant may be required . . . to give
security for all costs accrued and to accrue in the suit,
within sixty days after the order of the court made for
that purpose.'' Said section further provides that ''if
the security be not given, the suit shall be dismissed and
execution issued for the costs that have accrued; but the
court may on cause shown extend the time for the giving
of the security.'' If the lawmaking body had intended
by this statute that a party was to be allowed only sixty
days, and no more time, the statute would have been
worded differently. In the case of *Kyle* v. *Stimson,* 13
Smed. and M. 301, the court in passing on this statute,
said: ''The object of the statute was to secure the pay-
ment of costs which might be adjudged to the defendant,
in case the plaintiff failed to obtain judgment, and the
fees that were or might become due to the officers of the
court. In this, as in all similar cases, the circuit courts
are vested with discretionary authority. The purpose of
the statute was fully attained by the giving of the se-
curity, and that discretion was properly exercised in dis-
allowing the motion, and permitting the security to be
given.'' In the case of *Kittle* v. *Railroad,* 92 Miss. 381,
the court, speaking through Smith, J., used this applica-
ble language: ''In all cases where it is not shown that
the failure to comply with the order of the court as to
time has operated injuriously to the rights of other par-
ties to the litigation, the cost bond should be allowed to
be filed at any time before the actual dismissal of the

.suit." In the Kittle case it was said, "The record does not show that appellee was damaged ih any way by the failure of the appellant to file the cost bond within the time directed by the court." That is exactly the state of facts in the case at bar. No proof whatever was introduced on the motion in the court below, and certainly no damage was shown by the bond being filed and approved one day later than the time required by the order. The weight of authority is to the effect the motion of appellee ought to have been overruled. 11 Cyc., 185, 186, .footnotes.

*Spight & Street,* for appellee.

It is admitted by appellant that the time limit of sixty ·days, after the order of court requiring the bond for the ·security for costs, had expired before any attempt was made to comply with the order of the court. It makes ·no difference that only a short time had elapsed, after the expiration of the time fixed by the order of the court. After the expiration of the sixty days the clerk had no power to accept and approve a bond for cost. In the ·case of *Kittle* v. *Railroad,* 92 Miss. 381, which was a case similar to this in some respects, in the very first sentence ·of the opinion, the court uses this language: · "It was ·not within the power of the clerk of the court to accept the bond for costs after the time limit fixed by order of the court." In the instant case the clerk clearly transcended his authority in accepting the bond. The sixty days which was allowed for making the bond under section 940, Code 1906, is a statute of limitations and in *Turner* v. *Simmons,* 54 So. Rep. (Miss.) 658, the court, ·in speaking of the statute of two years within which appeals are to be taken, declares, "Statutes limiting the time within which appeals shall be taken are both mandatory and jurisdictional and must be strictly complied ·with." By analogy the same principle applies here, with the exception that under section 940 it is provided that,

"The court may, on cause shown, extend the time for giving such security." On the hearing of the motion in the court below there was neither any cause shown for the delay in the filing of the bond, nor was there an application on the part of the plaintiff in the circuit court to file a bond out of time. The matter was heard and determined on the motion which was of a two-fold nature, first, because the bond was not filed within the time limited by the order of the court, and second, because the bond filed was insolvent.

Plaintiff took no issue on this motion, and offered no evidence as to cause for delay nor as to the solvency of the pretended bond, but relied solely on the action of the clerk in taking a bond which was confessedly presented out of time. This action of the clerk was without authority of law, and therefore a nullity. In the case of *Kittle* v. *Railroad, supra,* the motion for costs was made not by the defendant, but by the clerk of the court, acting for himself, in his own right and independently of the litigant." In the opinion of the court in that case stress seems to be laid on the fact that the defendant had not made the motion for his own protection. The case is different here.

WHITFIELD, C.

The appellee did not move to dismiss the suit for the want of security for costs promptly, as he should have done. On the contrary, he filed his pleas on the first day of the January 1911, term of circuit court. Five days later the appellant filed his replications to said pleas, and two days after this appellee, for the first time, filed his motion to dismiss the suit because no bond had been filed within the time limited by law and the order of the court. The bond was filed sixty-one days, just one day too late, after the order requiring security to be given. In *Kittle* v. *Railroad,* 92 Miss. 381, 45 South. 867, the court said: "In all cases where it is not shown that the failure

to comply with the order of the court as to time has operated injuriously to the rights of other parties to the litigation, the cost bond should be allowed to be filed at any time before the actual dismissal of the suit.''

Applying this principle in the light of the facts of this case, we think the court erred in dismissing the suit.

*Reversed and remanded.*

Per Curiam. The above opinion is adopted as the opinion of the court and for the reasons therein indicated the judgment is reversed, and the cause remanded.