MEEKS et al. v. MEEKS et al.

(Division B. Feb. 17, 1930.)

[126 So. 189. No. 28413.]

Fred B. Smith, of Ripley, for appellants.

**N. S. Ayres**, of Ripley, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

C. R. Meeks, a resident citizen of Tippah county, Miss., departed this life October —, 1927, testate, making a will in which he devised certain land to his son Dan Meeks, certain lands to his son Will Meeks, and certain lands to his granddaughter Viola Meeks, and providing that his wife, Ellen Meeks, have control of this land after the testator's death as long as she lived. Dan Meeks, one of the beneficiaries of the will, presented a petition to the chancery court setting up the fact of the testator's death and the will, and alleging that the estate consisted almost entirely of land, there being not more than one hundred dollars in personal property, and that the will did not provide for an executor, and prayed that letters of administration be granted the petitioner upon the said estate with the will annexed. Letters were granted, and the administrator with the will annexed qualified and gave bond as required by law.

Then certain of the heirs filed a contest of the said will purported to be signed by C. R. Meeks, alleging that approximately twelve or thirteen months before his death C. R. Meeks was in extremely delicate health, both mental

and physical, and, if he had any capacity to make a will at all, he was easily persuaded and influenced, and was constantly and at all times under the influence and control of the beneficiaries designated in the will; that said C. R. Meeks was, at the time of the purported execution of the alleged will, of unsound mind and memory and mentally incapable of distinguishing the effects of his acts, and wholly incapable of making and executing a valid will; and that the said instrument was not the true last will and testament of the said C. R. Meeks.

An answer was filed to the said petition of contest. Thereupon Dan Meeks made an affidavit that he had good reason to believe and did believe that neither of the contestants could be made to pay the costs of their suit should same be adjudged against them, and that he had a meritorious defense, and that the motion and affidavit were not made for delay. Dan Meeks prayed that they be required to give a bond for the costs. Thereupon the court entered an order, dated the 17th day of September, 1928, ordering the contestants to make bond in the sum of one hundred and fifty dollars within sixty days from this date. Within the sixty-day period the contestants tendered the clerk a bond signed by certain sureties in the sum of one hundred and fifty dollars, which the clerk declined to approve, being informed by some of the defendants in the contest that the bond was not a solvent bond. Thereafter the contestants tendered another bond in like sum, signed by other sureties, which the clerk neither approved nor disapproved, but stated that he would leave the question up to the court. The clerk testified that he made no investigation as to the solvency of the sureties on the last bond, but did leave the matter for the determination of the court.

At the next term of the court a motion was made to dismiss the suit, because bond for costs had not been filed as required by an order in the court. The clerk had neither marked the bond filed, nor approved, nor disapproved, and the court heard evidence upon the solvency

of the bond, and at the end of the hearing found that the bond was not solvent, in that the signers thereof did not have property above their exemptions, and dismissed the suit.

The following day the contestants came in the court and tendered cash in lieu of the bond in amount of one hundred and fifty dollars, and prayed that they be permitted to proceed with the suit. This was during the term of the court, but the court declined to permit them to do so, and let the order dismissing the suit stand, from which order this appeal is prosecuted. The order dismissing the suit did not give any additional time to file another bond or to deposit cash in lieu of a bond. We think the court should have given additional time in which to file another bond, or in which to deposit money to secure the costs. The parties, we think, should be allowed the right to either deposit money or file an additional bond to secure the costs where they have undertaken to give a bond, and it is disapproved. The policy of law is that the poor, as well as the rich, shall be entitled to remedy in due course of law and have right and justice administered, as provided in section 24 of the Constitution, without sale, denial, or delay.

Section 664 of Hemingway's 1927 Code (section 940, Code of 1906) provides that, if suit has been commenced, the plaintiff or complainant may be required on motion of the clerk or any interested party, to give security for costs to accrue in the suit within sixty days after an order of the court made for that purpose. And provides for the contents of an affidavit on such motion, and that, if security be not given, suit shall be dismissed and execution issued for costs that have accrued; but the court may, on cause shown, extend the time for giving such security.

Section 667 of Hemingway's 1927 Code (section 943, Code of 1906) provides that, in a case of deposit of money or certified check for costs, if the costs be adjudged

against the party making the deposit, the clerk or justice shall pay the costs out of the deposit, and the residue to the party entitled thereto; and, if the party making the deposit be not liable for costs, the whole of the deposit shall be returned to him.

Section 671 of Hemingway's 1927 Code (section 947, Code of 1906) provides for an affidavit of inability to give bond or deposit money in case of a ruling for security of the costs, and, where such affidavit is made, suit may proceed without security for costs.

Section 672 of Hemingway's 1927 Code (section 948, Code of 1906) provides that the court may dismiss an action commenced or continued on an affidavit of poverty, if satisfied that the allegation of poverty was untrue.

One of the great problems of civil government is securing justice to the poor. Under the Constitution all persons are entitled to maintain an action in the courts for an injury done to him in his lands, goods, person, or reputation, and the courts shall be open and justice shall be administered without sale, denial, or delay. It is the policy of the law that every person, however humble or poor, may resort to the courts for the vindication of his rights and the redress of his wrongs. Justice must be granted to every person, whether such person is able to pay the costs or not; if he is too poor to pay the costs, under the law he may make oath to that effect, and the suit will then be entertained and rights will be accorded to him just as though he were paying the expense. If a person is able to deposit the costs, or give security therefor, it may be required, but, if he is unable to do so, he cannot be denied justice. Constitution of 1890, section 24.

The record before us shows that the party was willing to deposit money for costs, and made the tender of money in court within a reasonable time after the bond was adjudged insufficient. In such situation the court should have set aside the order dismissing the suit and permitted

the suit to proceed. If at any time the costs accrued in excess of the amount deposited, the court could require an additional amount, if the party required was able to do so, if he was unable to do so, and was willing to make the statutory affidavit of poverty, he should be permitted to do that and proceed with the hearing to judgment.

We think the error of the court was in dismissing the case without giving a reasonable opportunity to make additional bond, or deposit the money, and for the failure so to do judgment will be reversed, and the cause remanded. Reversed and remanded.