BOND *v.* HATTIESBURG AMERICAN.

(Division A. Feb. 22, 1937. Suggestion of Error Overruled March 22, 1937.)

[172 So. 509. No. 32602.]

Moss & Moss, of Lucedale, and Mize, Thompson & Mize, of Gulfport, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

At the September, 1935, term of the court below, at the instance of the appellee, a rule for security of costs was made by the following order then entered: "This cause coming on this day to be heard on motion of the defendant to require the plaintiff to give security for court costs, and upon consideration thereof, it is thereupon ordered that said motion be and the same is hereby sustained, and the amount of the bond is hereby fixed at $100.00, and the plaintiff be and she is hereby allowed 60 days within which to file said bond, or otherwise respond to this order; and in the event the said plaintiff fails to comply with this order for costs within 60 days from the date hereof, then this cause will be and the same shall then and at that time stand dismissed without further order of this court."

This rule was not complied with within the sixty days. No motion was made or order entered thereon until the November, 1936, term of the court, at which term an affidavit of poverty, in accordance with section 663, Code 1930, was filed by the plaintiff in the court below. On motion of the appellee this affidavit was stricken from the files and the cause was dismissed. The truth of the affidavit of poverty was not challenged.

Section 656, Code 1930, under which the rule for security of costs was made, provides that a plaintiff may be required "to give security for all costs accrued or to accrue in the suit, within sixty days after an order of the court made for that purpose. . . . If the security be not given, the suit shall be dismissed and execu-

tion issued for the costs that have accrued; but the court may, on cause shown, extend the time for giving such security.''

This rule does not contemplate that an action or suit shall stand dismissed at the expiration of the time fixed for the giving of security for costs, for the rule therefor may be complied with after the expiration of the time fixed by the court, provided it does not appear that the defendant in the action has been prejudiced by the delay. Kyle v. Stinson, 13 Smedes & M. 301; Kittle v. Yazoo & M. V. R. R. Co., 92 Miss. 381, 45 So. 867; and Wright v. Stanford, 100 Miss. 856, 57 So. 289. The provision in the rule for costs that, ''in the event the said plaintiff fails to comply with this order for costs within 60 days from the date hereof, then this cause will be, and the same shall then and at that time, stand dismissed, without further order of this court,'' is ineffective.

A rule for security of costs may be complied with by filing an affidavit of poverty, section 663, Code 1930, and no claim of prejudice to the appellee by the delay in complying with the rule was made in the court below, and no such prejudice appears. It is true that the delay was for almost a year, but the appellee could have speeded the final determination of the matter by a motion therefor, and in Mississippi & A. R. R. Co. v. Ballard, 5 Smedes & M. 606, the rule for security of costs was made at the September, 1840, term, and an offer to comply therewith was not made until the December, 1841, term, nevertheless the court held that the compliance with the rule should have been permitted.

Reversed and remanded.