## JACKSON COUNTY *v.* MEAUT.

(Division B.   March 7, 1938.   Suggestion of Error Overruled March 21, 1938).

[179 So. 343.   No. 33099.]

H. P. Heidelberg, of Pascagoula, for appellant.

**Doty & Doty,** of Biloxi, for appellee.

Argued orally by **H. P. Heidelberg**, for appellant.

**Anderson, J.,** delivered opinion of the court.

Appellee brought this action against appellant in the circuit court of Jackson county to recover the alleged value of fifteen head of cattle which the declaration charged died of pneumonia as a result of having been dipped in the Yeager vat in that county, under the compulsory dipping law for the eradication of the cattle tick. The amount sued for was $660, and the recovery $330. From that judgment appellant prosecutes this appeal.

The suit was brought under the authority of section 265, Code of 1930, which is in this language: ''Any person in any county in this state shall be entitled to recover from such county reasonable compensation for any live stock owned by such person that may have been killed or permanently injured, or that may hereafter be killed or permanently injured in the process of dipping or as a result of such dipping for the eradiction of the cattle tick, where such dipping was done under the supervision of the board of supervisors or the live stock sanitary board.''

The defense was that the cattle were emaciated, weak, and in very poor condition and died of natural causes

and not as the result of the dipping, and, furthermore, that the title to them was in one Stennis, trustee in a mortgage which appellee had give on them and which remained on record uncanceled. Fifteen cattle died after the dipping, one on the same day and the others the day after. Appellee testified that they died of pneumonia. Appellant objected to his testimony on the ground that he did not qualify as an expert. The court overruled the objection. That action of the court is assigned as error. On such an issue of fact nonexpert testimony is admissible based on knowledge of the facts and experience and observation; it goes for what it is worth along with any expert testimony. Gathings v. Howard, 122 Miss. 355, 84 So. 240; Ward v. Ward, 124 Miss. 697, 87 So. 153. Although it was not as plainly developed as it should have been that appellee was speaking from a knowledge of the facts in connection with experience and observation, his testimony is to that effect.

The exclusion of the mortgage was not error. The evidence showed that the mortgage indebtedness had been paid. Under section 2152, Code of 1930, payment of a mortgage indebtedness extinguishes the mortgage and revests the title in the mortgagor as effectually as if reconveyed.

Appellant sought to have the court instruct the jury that he had to prove his case beyond a reasonable doubt. The court declined to do so. That action of the court is assigned as error, and is well founded under the authority of section 266, Code of 1930, which provides that in such suits the plaintiff must make out his case by "conclusive proof." This statute was construed in Covingington County v. Fite, 120 Miss. 421, 82 So. 308, 309, where the court held that conclusive proof was the equivalent of "to a moral certainty" or "beyond a reasonable doubt."

Appellee was not entitled to a directed verdict on the issue of liability. There was ample testimony on behalf

of appellant by expert witnesses that the cattle died, not as the result of the dipping, but from natural causes; that pneumonia, if caused by dipping, would not follow as quickly after the dipping as appellee claimed.

Reversed and remanded.