JACKSON COUNTY v. MEAUT.

(In Banc. June 12, 1939.)

[189 So. 819. No. 33099.]

H. P. Heidelberg, of Pascagoula, for appellant.

Doty & Doty, of Biloxi, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Albert P. Meaut, plaintiff in the court below, brought suit against Jackson county for injury to live stock claimed to have been sustained in the process of dipping for cattle ticks. He rocovered a judgment against the county, and on appeal to this Court that judgment was reversed and the cause remanded. But the appellee, Meaut, was unable to pay the costs adjudged on the appeal, or did not do so, and the mandate has not gone down.

The cause was tried in March, 1938, and is reported in 181 Miss. 282, 179 So. 343. The appellee, Meaut, filed with his motion an affidavit, under section 663, Code of 1930, declaring his inability to pay the costs or to give security therefor, and claiming the right to have the mandate go down without payment of costs, under the affidavit mentioned.

Section 3400, Code of 1930, reads as follows: ''Every final judgment or decree rendered in any cause by the Supreme Court shall be certified by the clerk thereof to the clerk of the court from which the cause was brought, or to which it is remanded, within twenty days after

the rendition of the judgment, if the costs accrued in the Supreme Court shall be paid to him, including all costs for which he may issue execution. And it shall be the duty of the clerk of the court below on receiving the certificate, to issue the proper execution on the final judgment or decree, if the same be for the plaintiff in the original cause, for the amount of money or other thing adjudged to the plaintiff, and all costs accrued in the court below; and, if the judgment be rendered for the defendant in the original cause, then, on receipt of the certificate, execution shall issue against the plaintiff in the cause for the defendant's costs; and if the clerk of the Supreme Court fail to issue the certificate as required, he shall forfeit to the aggrieved party one hundred dollars, to be recovered by motion before the Supreme Court on five days' notice."

Under this section of the Code it was held in Mobile & O. R. Co. v. Watly, 69 Miss. 475, 12 So. 558, that the clerk of the Supreme Court cannot be compelled to certify to the court below a final judgment or decree until the costs of the appeal, including costs for which he may issue execution, shall be paid. But in the decision of this case by the Supreme Court there was no affidavit of poverty filed, and the effect of section 663 of the present Code, then in force substantially as now written, was not referred to, nor was its effect upon section 3406 involved.

Section 663, Code of 1930, reads as follows: "A citizen may commence any suit or action, or answer a rule for security for costs in any court without being required to prepay fees or give security for costs, before or after commencing suit, by taking and subscribing the following affidavit: 'I, ————, do solemnly swear that I am a citizen of the state of Mississippi, and because of my poverty I am not able to pay the costs or give security for the same in the suit (describing it) which I am about to commence (or which I have begun, as the case may be) and that, to the best of my belief, I am entitled to the redress which I seek by such suit.'"

It is a familiar rule of construction that all statutes bearing upon a subject involved in a controversy are to be construed together, and the legislative purpose deduced from the whole. Construing these two statutes together, we are of the opinion that section 663 of the Code of 1930, considered with the above statute, section 3406, and section 24 of the state Constitution of 1890, gives the right to a person who is unable to pay the costs to have the mandate issued, where such person has recovered a judgment in a court of original jurisdiction, and such judgment has been appealed from by his adversary and reversed in this Court, the reversal leaving the case in the same situation as before rendition of judgment. A person whose rights are involved in controversy is entitled to access to the proper court of original jurisdiction, to a judgment settling his rights, and for the processes of that court to enforce the rights so adjudicated. But a person is not entitled to appeal from the judgment of a court of original jurisdiction to the Supreme Court of the state, or to an appellate court, without complying with the conditions authorizing an appeal to be made. Woods v. Davidson, 57 Miss. 206. In the case here appeal was taken by Jackson County, and the judgment was reversed by this Court.

We have dealt with the construction of sections in several decisions, but none of them have presented precisely the question here involved. In Meeks v. Meeks, 156 Miss. 638, 126 So. 189, the right of a party to make an affidavit of poverty, instead of making bond to secure the costs, was involved, and the propriety of making the affidavit under the facts set up in that case was considered on appeal. In 156 Miss. at page 643, 126 So. at page 190, it is said: "One of the great problems of civil government is securing justice to the poor. Under the Constitution all persons are entitled to maintain an action in the courts for an injury done to him in his lands, goods, person, or reputation, and the courts shall be open and justice shall be administered without sale,

denial, or delay. It is the policy of the law that every person, however humble or poor, may resort to the courts for the vindication of his rights and the redress of his wrongs. Justice must be granted to every person, whether such person is able to pay the costs or not; if he is too poor to pay the costs, under the law he may make oath to that effect, and the suit will then be entertained and the rights will be accorded to him just as though he were paying the expense. If a person is able to deposit the costs, or give security therefor, it may be required, but, if he is unable to do so, he cannot be denied justice. Constitution of 1890, section 24.''

What was said in that case was in reference to the rights of a person to one complete trial in a court of original jurisdiction, with process to render the judgment effective where such party obtains a judgment. It does not give a right to appeal in forma pauperis. Woods v. Davidson, supra.

In DuBois v. Thomas, 173 Miss. 697, 161 So. 868, it was held that where costs on appeal, although adjudged against the appellee, were paid by the appellant after execution against appellee was returned unsatisfied, the appellant was held not entitled to dismissal of cause or to order directing the clerk to refuse payment of costs if tendered by appellee and to decline to issue mandate on the ground of the appellee's laches in delaying to pay costs; applicability of doctrine of laches being for the determination of the court below on return of cause. Supreme Court rule 29. Nothing said in that case militates against the conclusion reached in the present case.

In Bond v. Hattiesburg American, 178 Miss. 122, 172 So. 509, 510, it was held that the statute providing that a suit shall be dismissed if security for costs is not given within sixty days after court order requiring security does not contemplate that action shall stand dismissed at expiration of sixty-day period, since rule for security for costs may be complied with after the expiration of the time fixed if defendant in the action has not been

prejudiced by delay. Code 1930, section 656. It was also held that delay for almost a year after the expiraation of the rule for security for costs does not justify the Court in striking the affidavit of poverty and dismissing the cause in the absence of showing that the defendant was prejudiced by the delay. Code 1930, sections 656, 663.

In the conclusion of the opinion in this case the Court said: "A rule for security of costs may be complied with by filing an affidavit of poverty, section 663, Code 1930, and no claim of prejudice to the appellee by the delay in complying with the rule was made in the court below, and no such prejudice appears. It is true that the delay was for almost a year, but the appellee could have speeded the final determination of the matter by a motion therefor, and in Mississippi & A. R. Co. v. Ballard et al., 5 Smedes & M. 606, the rule for security of costs was made at the September, 1840, term, and an offer to comply therewith was not made until the December, 1841, term, nevertheless, the Court held that the compliance with the rule should have been permitted."

In none of the cases heretofore decided has it been held that the appellee could not make the affidavit of poverty in order to secure the mandate, so that his cause of action might be tried in due course of law. Under the facts of this case we hold that the affidavit of poverty required the issuance of a mandate, and the same is hereby directed.

Motion sustained.

**McGowen, J.,** delivered a dissenting opinion.

I dissent from the holding of the majority in this case. By the opinion, the losing appellee, by filing an affidavit of poverty, as set forth in section 663, Code of 1930, thereby obtains the order of this Court requiring the clerk thereof to send down the mandate without the payment of the cost as provided in section 3406. The applicable

part of this section is the same as section 1442 of the Code of 1880. When construing that section, this Court said in the case of Mobile & Ohio Railroad Co. v. Watly, 69 Miss. 475, 12 So. 558: "The judgments of this court affirming or reversing a judgment or decree appealed from are final in the sense in which the term is used in section 1442 of the Code of 1880, and the payment of the costs accrued in this court, and all costs for which the clerk of this court may issue execution, *is a condition precedent to the right to demand of him the certification of the affirmance or reversal to the court below. The jurisdiction of this court is entirely appellate.*" (Italics ours.)

When sections 655, 656, 658, and 663, are read and construed together, it is patent that the Legislature has not to this date enacted a statute permitting a losing party to file an affidavit of poverty in the Supreme Court of the State, and thereby evade the positive mandate of section 3406, Code of 1930. In the Watly case, supra, no exception was made. The statute was construed as positive and certain, with no exceptions thereto. Since that decision, this statute has been re-enacted several times. There has never been an effort on the part of the Legislature to provide for poor persons to sue without security for costs, except in trial courts, as demonstrated by the sections to which we have referred. In the case at bar, the alleged poor person, who now files his affidavit of poverty in this Court, forced the appellant to appeal to this Court in order that a judgment wrongfully rendered might be vacated. He followed this appeal and undertook to enforce the invalid judgment in the face of the decisions of this Court, and so far as costs are concerned, the judgment was final.

It is my conception of the sections quoted above, and especially section 663, that the provisions made are for a poor person to have the benefit of a trial in the various trial courts of this state, and if he undertakes to avail of the process of this Court, he must comply with the

statute relative to costs applicable to cases disposed of in this Court.

Although section 3406, or its equivalent, has been on our statute books for nearly sixty years, no such procedure has ever been attempted, save in one instance hereinafter referred to. Our records show that in 1933, in the case of Willie G. DuBois v. R. Thomas, No. 27,833, the losing appellee in this Court filed a motion to suspend Rule 29, and in connection therewith a pauper's affidavit contended that such procedure was permissible in the Supreme Court. The case was fully briefed and the motion was by this Court overruled without written opinion. In that case, the movant had recovered a decree for $253,000 which had been four years before reversed by this Court. The appellant, Mrs. DuBois, secured the reversal on a question of the admission of evidence and the case was remanded for another trial. The appellee, Thomas, could not be made to pay the costs. Mrs. DuBois thereafter paid the costs, and upon the pauper's affidavit, this Court declined to order the mandate sent down to the lower court. The decision on this motion was handed down on June 12, 1933, by Chief Justice Smith. The briefs did not fail to present the argument now adopted as to section 24 of the Constitution of 1890, and I think is authority in this Court under the circumstances. If and when the Legislature provides that an affidavit of poverty may be filed in the Supreme Court in order to have the mandate go down to the lower court, and the machinery is provided for determining whether the party so making the affidavit is entitled so to do, will be time enough for this Court to enforce such a rule.

I am of the opinion that the motion should be overruled.