**CINCINNATI (City), etc., Plaintiff-Appellee, v. KELLOGG, City Manager et, Defendants-Appellees, and SHANNON, a taxpayer, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7159. Decided July 19, 1949.

Henry M. Bruestle, City Solicitor, Robert White, Asst. City Solicitor, Cincinnati, for City of Cincinnati.

J. B. Grause, Jr., Maurice W. Jacobs, Cincinnati, for W. R. Kellogg, et al.

Taft, Stettinius & Hollister, Cincinnati, for The Cincinnati Street Railway Company.

David L. Shannon, Cincinnati, for appellant.

**OPINION**

By ROSS, PJ.:

Two appeals on questions of law, filed by a taxpayer, not a party to the original action filed in the Common Pleas Court of Hamilton County, have been attacked by motions to dismiss filed by defendants-appellees.

The first appeal filed by such taxpayer was from an order of the Common Pleas Court refusing to permit such taxpayer the right to intervene in an action, brought by the City Solicitor of the City of Cincinnati, at the request of such taxpayer, to enjoin giving effect to an ordinance passed by the council of such city. The general effect of such ordinance was to cause the city to assume the expense of the repair of portions of the streets in such city, which duty to repair had been previously placed upon The Cincinnati Street Railway Company, by a former ordinance of the city. By virtue of such latter ordinance, the Street Railway Company relinquished the right to increase fares conferred upon it by the former ordinance.

It is the claim of the taxpayer that such latter ordinance results in the unlawful payment of the funds of the city created by the receipt of taxes and that the latter ordinance creates a benefit for a selected group, to-wit: street car riders only.

The second appeal is from the final judgment of the Common Pleas Court sustaining a demurrer to the petition filed by such City Solicitor in such action, and dismissing the same.

This court in considering the motions to dismiss such appeals does not reach a review of the merits of the controversy

involved in the final judgment of the Common Pleas Court.

The motion to dismiss the first appeal raises merely the question—whether the trial court committed error, prejudicial to the taxpayer appellant in refusing the taxpayer the right to intervene in the action brought by the City Solicitor at his request.

In **Pierce, et al v. Hagans, 79 Oh St, 9,** it is stated in the syllabus:

"A resident taxpayer, owning property within an incorporated village subject to be taxed for the support of the revenues of the village, in which village there is no solicitor nor other legal counsel whose duties require him, in the name of the corporation, to apply to a court to restrain the illegal use of the funds of the corporation, is not without legal capacity to maintain for himself and on behalf of the village, an action against the municipal authorities to enjoin the unauthorized expenditure of the funds of the village."

This case is authority for the proposition that in the absence of statutory regulation, a taxpayer has a common law right to maintain an action to enjoin the misapplication of tax funds by a municipality.

See, also: 52 Am. Jur., p. 2—"Taxpayers' Actions," Section 2, et seq. Also, **City of Middletown, et al., v. The City Commission of Middletown, et al., 138 Oh St, 596.** And at page 614 in the concurring opinion of Judge Turner, wherein Crampton v. Zabriskie, 101 U. S. 601, is cited, it is stated:

" 'On the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a debt which they in common with other property holders of the county may otherwise be compelled to pay, there is at this day no serious question.' "

In Middletown, et al. v. City Commission of Middletown, et al., supra, the Supreme Court was divided, Judge Weygandt and Judge Zimmerman concluded that the taxpayer was not even a **proper** party, even if the City Solicitor failed to vigorously prosecute the action. Such was the holding of this court in that case when before it. Judge Turner in his concurring opinion stated that the taxpayer had the right to intervene as a matter of right. See page 613, opinion. Judge Hart concurred with Judges Williams, Matthias, and Bettman, in holding the taxpayer was a **proper** party, but dissented on the merits of the case.

The result is that the Supreme Court has not passed upon the power of a taxpayer to intervene in such an action as is here considered as a matter of right.

As hereinbefore stated, this court is not now concerned with the merits of the taxpayer's claim that he should have had the right to intervene. The effect of the motion to dismiss the appeal from the order refusing the taxpayer such privilege is to state that under no circumstances has he such right as such, although it is admitted that the court in its sound discretion under authority of Middletown, et al. v. City Commission of Middletown, supra, may admit him as a proper party. His right to intervene is predicated upon his position that he not only is a proper party, but is a necessary party, and the refusal of the court to permit his intervention constitutes error, prejudicial to him.

As stated by Judge Zimmerman, at page 602 of the opinion in Middletown, et al. v. City Commission of Middletown, supra, it seems that this is a matter for the legislature, rather than the courts.

"The writer's position is that the General Assembly having within its prerogatives prescribed a definite and exclusive method of challenging the alleged wrongful conduct of municipal officers, the judicial branch of the government is not at liberty to substitute a different and conflicting plan. Legislation permitting a taxpayer to become an intervening party when the court believes the solicitor is not acting diligently or in good faith would no doubt be desirable, but the court has no right to supply any such deficiency."

To the same effect is City of Lakewood, et al. v. Rees, et al., 51 Oh Ap 490, wherein Judge Lieghley stated at page 496 of the opinion:

"There is no principle or rule of equity that may be invoked. Equity follows the law. The legislature has prescribed the remedy. The right of the taxpayer has been restricted. When the solicitor substantially complies with the demand of the taxpayer, his conduct as a public official is not subject to supervision, control and repudiation by the taxpayer. Nor shall an apparent effort at substantial compliance with the demand be held to be no compliance to annul or remove the restriction imposed by statute. The legislature has provided and prescribed the remedy and recited no exception thereto." (Emphasis ours.)

However, it is to be noted that—the circumstances of the case were therein taken into consideration and the court, as expressed in a concurring opinion, stated at page 498:

"While concurring in the judgment, we do not wish to be understood as announcing a proposition of law that in no case can the court allow intervention by a taxpayer in such action. A mere paper compliance by the Director of Law with the demand made by the taxpayer to file suit, is not sufficient compliance. The compliance contemplated by the statute is a substantial compliance, so that the court will have presented to it all the issues of law and fact in order that a full and complete adjudication may be had.

"In a proper case, the court may determine that a mere sham compliance by the Director of Law is no compliance with the demand of the taxpayer, in which event the court could allow the application of a taxpayer to intervene."

In spite of the doubt thus thrown upon the proposition that a taxpayer has no **right** as such, under any circumstances, to intervene in a suit, wherein the City Solicitor has, at his request, brought an action to enjoin misapplication of public funds, this court concludes that no such **right** exists, that he is not a necessary party to the action, although he may be a **proper** party, and be permitted by the trial court, in its sound discretion, to intervene.

The conclusion upon the first appeal obviously disposes of the second appeal.

There is no right independent of statute to appeal in any case by anyone. There is no authority, certainly, justifying an appeal by one who was not a party to the action in the trial court, and thus having found that the trial court committed no prejudicial error in refusing the taxpayer the right to intervene, he stands as an oustider to the appeal from the final judgment, dismissing the action.

Before concluding, one final matter demands some statement. It is admitted by all parties that the taxpayer requested the City Solicitor to appeal from such final judgment, dismissing the action, and that the City Solicitor refused to appeal.

Do the provisions of §4314 GC, apply to an appeal?

It is the conclusion of the court that they apply to the three preceding sections only, each of which relates to the **original** action in the trial court, and cannot be extended by implication to an appeal.

The motion as to each appeal is granted.

**364**

The power of a taxpayer, as a matter of right, to intervene in the type of action here considered, not having been determined by the Supreme Court, and the members of that court, as constituted when **Middletown v. City Commission of Middletown, 138 Oh St, 596,** was considered, being in disagreement as to whether such taxpayer was even a **proper** party, and there being statements both in the opinion of Judge Lieghley and that of the concurring Judges in **City of Lakewood, et al. v. Rees, et al., 51 Oh Ap 490** (see pages 497 and 498 of the opinion), and the Lakewood case being noted by Judge Turner in his concurring opinion in Middletown v. City Commission of Middletown, supra, at p. 610, it is the conclusion of this court that this is a matter of real importance to the taxpayers of this state, and that the conclusions reached by this court present sufficient conflict with those entertained by the Judges of the Eighth District, as expressed in the case of **Lakewood v. Rees, 51 Oh Ap, 490,** to justify certification of this case to the Supreme Court for conflict therewith.

ROSS, PJ, & MATTHEWS, J, concur in syllabus, opinion, judgment & certification.

HILDEBRANT, J, not participating.