McMahon, et al. *v.* Milam Manufacturing Co.

No. 41469 November 9, 1959 115 So. 2d 328

*Pyles & Tucker,* Jackson; *Robert Conn,* Atlanta, Ga., for appellant.

*Mitchell & McNutt,* Tupelo, for appellee.

McGEHEE, C. J.

The appellee, Milam Manufacturing Company, filed one suit against Russell McMahon and others, and another against Walter Sanders and others, in the Chancery Court of Lee County, Mississippi, for an injunction in each case against the defendants for alleged wrongful and unlawful picketing of the manufacturing plant of the appellee as complainant in each of the cases in the said chancery court. A temporary injunction was granted in each case after the filing of injunction bonds in the aggregate sum of $3,500. In due time a motion was made to dissolve the temporary injunction. The two cases were consolidated by order of the chancery court, and the cause came on for hearing on the motion to dissolve the temporary injunctions. Answers, demurrers, etc., had been filed.

Upon hearing on the motion to dissolve the temporary injunctions it was agreed that the consolidated cases might be taken under advisement for decision in vacation, with the right of the complainant and defendants to file briefs before the chancellor. Briefs were accordingly filed.

Except for the alleged agreement for the hearing on the motions to dissolve the temporary injunctions to be treated as a final hearing on the merits, the chancellor could have rendered only an interlocutory decree on the motions. But we understand from the brief of the appellee that numerous witnesses were introduced and that considerable testimony was taken at the hearing, which lasted for a part of two days. No interlocu-

tory or final decree has ever been rendered by the chancery court on either of the motions to dissolve the temporary injunctions. Two regular terms of the chancery court have intervened in the meantime.

The petition for the writ of certiorari asks that this Court shall issue the writ to the chancery clerk of Lee County, Mississippi, commanding and directing him to immediately prepare and certify copies of the records in said causes, including all the proceedings, pleadings, summons, writs, orders and decrees of the said Chancery Court of Lee County, Mississippi, and that we command the chancery clerk to forthwith file the said certified records with the Clerk of this Court. This we have no authority to do for the reason that no appeal has been taken in either of the cases to this Court, and no decree has been rendered from which such an appeal could be taken. The two cases are still pending on the docket of the Chancery Court of Lee County, Mississippi.

Chapter 334 of the General Laws of Mississippi of 1958 provides among other things: ''All Chancellors or judges of the chancery and circuit courts of the State of Mississippi shall render their final decree on any and all matters taken under advisement by such chancellors or judges not later than six (6) months after the date when same are taken under advisement or not later than six (6) months after the date on which the chancellors or courts or judges set as the date when the final brief or memorandum of authority is required to be filed on or as to the cause taken under advisement, whichever is the latest date after the date on which the cause or case is taken under advisement.''

The appellants take the position that the Chancery Court of Lee County is now without jurisdiction or authority to render a final decree in either of the said cases. It is true that since one or more regular terms of the court have intervened, since the cases were taken

under advisement for decision by the court in vacation, the Chancery Court of Lee County is without authority to render a decree in vacation, since it does not appear that the cases were further taken under advisement by an order at either of the regular terms. It is nevertheless true that the Chancery Court of Lee County did have authority to render a decree at either of the regular terms of the court which have intervened since the cases were taken under advisement for decision in vacation, and that the court still has authority to render a final decree in the cases at a future regular term of the said chancery court. But, be that as it may, the fact remains that the cases are still pending in the Chancery Court of Lee County and that no decree has been rendered for us to review, or for us to either affirm or reverse.

Moreover, it appears from the brief that the testimony taken in the Chancery Court of Lee County has not been transcribed, and there is no authority for the court reporter to transcribe and file his stenographic notes of the testimony until an appeal has been requested and a notice given for the court reporter to transcribe such notes.

 █ Appeals are regulated by statute, and only lie in cases provided by statute. State ex rel. Brown v. Poplarville Sawmill Co., 110 Miss. 432, 81 So. 124; Jones v. Cashin, 133 Miss. 585, 98 So. 98; Craig v. Barber Bros. Contracting Co., 190 Miss. 182, 199 So. 270.

The appellants also contend that the trial court is without jurisdiction of the labor dispute involved and that such jurisdiction is with the National Labor Relations Board. We are unable to determine whether the controversies involved are such as to confer jurisdiction upon the Chancery Court of Lee County or not in the absence of a transcript of the testimony taken at the hearing.

Finally, there is no appeal pending before us so as to justify our requiring the chancery clerk to immediately prepare and certify copies of the records made

in the chancery court, including the proceedings, pleadings, summons, writs, orders and decrees of the Chancery Court of Lee County, and we have no authority to command the chancery clerk to forthwith prepare certified copies of the records in the chancery court and file the same with the Clerk of this Court in the absence of some order or decree of the Chancery Court of Lee County being before us for review. In other words, the chancery court has not rendered any order or decree that has been appealed to this Court for review.

The appellee has filed an answer to the petition for the writ of certiorari, admitting that no final decree has been rendered by the Chancery Court of Lee County and averring that the said chancery court has not finally determined the issue of whether or not it has jurisdiction of the cause and that the facts were fully disclosed by the testimony taken at the various hearings which have been conducted in the Chancery Court of Lee County, and the answer further avers that this Court can acquire no jurisdiction until there is a final decree entered in the Chancery Court of Lee County from which an appeal can be prosecuted, there being no contention that any appeal has been granted by the chancellor or by any judge of this Court from an interlocutory decree, and it is not contended that a decree, either interlocutory or final, has been rendered in these cases which are still pending in the Chancery Court of Lee County as aforesaid.

The petition and application for a writ of certiorari in the cases must therefore be denied.

Petition and application for writ of certiorari denied.

*Hall, Arrington, Ethridge* and *Gillespie, JJ.,* concur.