I.
This appeal is taken from the Circuit Court of Leflore County, Mississippi, wherein James Henry Aldridge was indicted on October 27, 1983, for capital murder. The following February, Aldridge entered a plea of guilty to the lesser charge of murder and was sentenced to life imprisonment.
Thereafter, on December 10, 1984, Aldridge filed in the Circuit Court of Leflore County a Motion for Post-Conviction Relief. A hearing on this motion was held on July 18, 1985. After hearing the evidence, the court denied the motion and found "that Mr. Aldridge knowingly, willingly and understandingly entered his plea of guilty." *Page 331 
Aggrieved by the action below, Aldridge has perfected his appeal to this Court, assigning as error:
(1) The procedure for post-conviction collateral relief, as instructed by Miss. Code Ann. § 99-39-1 et seq., constitutes suspension of the writ of habeas corpus in violation of the Mississippi Constitution of 1890, Art. 3, § 21, thereby depriving appellant of due process of law.
(2) The suspension of the application for writ of habeas corpus is a denial of equal protection under the laws of the State of Mississippi and the United States Constitution.
(3) Miss. Code Ann. § 99-39-1 et seq. impinges upon constitutional rights mandated by the Mississippi Constitution of 1890 and impinges upon the inherent power of the Mississippi Supreme Court to promulgate rules.
(4) The court erred in denying appellant's motion in that the court abused its discretion in accepting appellant's guilty plea as the plea was equivocal and not supported by independent corroborative evidence of guilt.
(5) The lower court erred in denying appellant's motion as there existed evidence of material facts, of such nature that the result in this cause would be practically conclusive and which would require the vacation of the appellant's sentence in the interest of justice.
 II.
Mr. Aldridge's first three propositions amount to a challenge of the constitutionality of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-3
(Supp. 1985). Mr. Aldridge argues that this Act is unconstitutional and unenforceable for three separate reasons:
(1) It constitutes a suspension of the writ of habeas corpus in violation of Mississippi Constitution Art. 3, § 21 (1890), thereby depriving him of due process of law,
(2) That it constitutes invidious discrimination denying to him equal protection of the laws, and
(3) That the statute infringes upon the inherent rule-making powers of this Court.
Reviewing these foregoing propositions, this Court is of the opinion that this case is controlled by the recent holding inLeroy M. Reynolds v. State of Mississippi, 521 So.2d 914 (Miss. 1988).
In reaching a decision in Reynolds, this Court found that the appellant did not have standing to challenge the provisions of the Post-Conviction Relief Act. Thereto, after carefully considering Mr. Aldridge's claims, this Court is of the same opinion in the case at bar as in Reynolds. This Court is of the same opinion regarding Aldridge inasmuch as he was afforded all of his constitutional rights, and he also lacks standing since he has not been disadvantaged by the Act. This holding does not preclude this Court's addressing the constitutional issue when a defendant who has been denied asserted constitutional rights presents that issue to this Court.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.