662 So.2d 566 (1995)
David Gaston MARSHALL
v.
STATE of Mississippi. Michael Angelo PATTON
v.
STATE of Mississippi.
Nos. 92-KA-00606-SCT, 92-KA-00909-SCT, and 92-KA-01294-SCT.
Supreme Court of Mississippi.
September 28, 1995.
*567 Jim Davis, Gulfport, for petitioners.
Michael C. Moore, Attorney General, W. Glenn Watts, Special Ass't Attorney General, Jeffrey Klingfuss, Special Ass't Attorney General, Jackson, for respondents.
En Banc.

OBJECTION AND/OR MOTION THAT THE CASES NOT BE REMANDED OR ASSIGNED TO THE COURT OF APPEALS
SMITH, Justice, for the Court:
This is a case of first impression by two defendants, David G. Marshall and Michael Angelo Patton, considering Miss. Code Ann. §§ 9-4-1 to -17 (Supp. 1994), challenging the constitutionality of the Court of Appeals of the State of Mississippi as enacted by the Legislature during the regular 1994 session.
Marshall was convicted in the Circuit Court of the First Judicial District of Harrison County of two counts of sexual battery and one count of kidnaping. He received two thirty-year sentences for the sexual battery counts, to run concurrently with each other; and twenty-five years on the kidnaping count. Patton was convicted in the Circuit Court of the First Judicial District of Harrison County of manslaughter and was sentenced to serve a term of sixteen years with the Mississippi Department of Corrections.
Both Marshall and Patton have appealed their convictions to this Court. Both cases were fully briefed and initially deflected to the Court of Appeals per the screening process established under this Court's rules.
On January 12, 1995, Jim Davis, attorney for both Marshall and Patton, filed in both cases an Objection and/or Motion that the cases not be remanded or assigned to the Court of Appeals. Marshall and Patton claim that the new appellate court is unconstitutional and that the Legislature, in creating the Court of Appeals, usurped this Court's authority in the area of rulemaking and court procedure. As a result of this objection/motion both cases were by order of this Court returned from the Court of Appeals.
The State argues that Miss. Code Ann. §§ 9-4-1 to -17 (Supp. 1994) are constitutional, that Marshall and Patton lack standing to challenge the constitutionality of the statute as enacted and that this Court's authority in rulemaking and court procedure has not been usurped by the Legislature.
A thorough analysis of the issues raised by Marshall and Patton reveal both to be without merit. However, the State is incorrect in its argument that the defendants lack standing to challenge the constitutionality of the statutes as enacted, because both cases were in fact initially deflected to the Court of Appeals by a valid internal process in accordance with the rules of this Court.
*568 This Court has stated its authority to promulgate rules of court practice, procedure and evidence in Newell v. State, 308 So.2d 71 (Miss. 1975), and Hall v. State, 539 So.2d 1338 (Miss. 1989). However, neither decision may be interpreted as prohibiting the Legislature from establishing the Court of Appeals.
This Court and its predecessor, the High Court of Errors and Appeals, has for one hundred fifty-five years interpreted Article 6, Section 172 of the Mississippi Constitution as authorizing the Legislature to create inferior courts. In Thomas v. State, 6 Miss. (5 Howard) 20 (1840), this Court's predecessor considered the question of whether the Legislature could, under a constitutional provision similar to current § 172 establish an inferior criminal court. The High Court of Errors and Appeals answered that question affirmatively. The Court of Appeals is clearly an inferior court and the Legislature had full constitutional authority to establish such inferior court.

DISCUSSION OF LAW
We begin our analysis considering Article 6, Section 144 of the Mississippi Constitution which provides that: "[t]he judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution."
Additionally, Article 6, Section 146 of the Mississippi Constitution states:
The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law. The Legislature may by general law provide for the Supreme Court to have original and appellate jurisdiction as to any appeal directly from an administrative agency charged by law with the responsibility for approval or disapproval of rates sought to be charged the public by any public utility. The Supreme Court shall consider cases and proceedings for modification of public utility rates in an expeditious manner regardless of their position on the court docket.
Finally Article 6, Section 172 of the Mississippi Constitution states: "The legislature shall, from time to time, establish such other inferior courts as may be necessary, and abolish the same whenever deemed expedient."
Pursuant to this authority, the Legislature established the Court of Appeals under Miss. Code Ann. §§ 9-4-1 to -17 (Supp. 1994). Marshall and Patton now allege that the Court of Appeals is unconstitutional, for the following reasons.
First, Marshall and Patton cite Miss. Code Ann. § 99-35-101 (Supp. 1994), which states:
Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.
Marshall and Patton further rely on Harden v. State, 460 So.2d 1194 (Miss. 1984), where this Court, when speaking of the strongest imperatives under which an appellate court may operate, stated that the first was the prohibition against double jeopardy, and
[t]he other is the reluctance of an appellate court to interfere with trial proceedings. Again, experience has taught us that our function is to decide cases which have been concluded in the trial court, and on lawful appeal here. Any person who feels aggrieved at a lower court decision has an absolute right of appeal to this Court, at which time all his grievances can be addressed by us.
Harden, 460 So.2d at 1200.
Marshall and Patton seize on this last sentence and claim that they have an absolute right of appeal to the Supreme Court, not the Court of Appeals. Obviously, the right to appeal is not absolute, there are requirements attached. Though a person convicted of a crime in circuit court could until now take an appeal to the Supreme Court and have it heard by this Court, the right to have the appeal heard could be infringed upon if certain procedures were not followed. The right of appeal is not absolute where the notice of appeal is not timely filed; where the filing fee and appeal costs are not *569 paid in the case of a non-indigent defendant; where in forma pauperis status is not sought, in the case of an indigent defendant; or where a brief is not timely filed. More importantly, the "absolute right" referred to in Harden is statutory, not constitutional, and thus subject to legislative change. The new statutory scheme is not inconsistent with the original and retained statutory right in that appeals are taken to this court and ultimately, in some manner, if only by denial of certiorari, finally resolved by this court.
Second, Marshall and Patton apparently claim that under the unamended version of Article 6, Section 146 of the Mississippi Constitution, the Supreme Court is the one and only appellate court of the state. They further claim that an "inferior court," as provided in Miss. Const. art. 6, § 172, cannot be an appellate court. The authority cited by Marshall and Patton shows that the term inferior court generally has two meanings: one is in the purely descriptive sense, as in any state court in Mississippi besides the Supreme Court is necessarily an inferior court in relation to the Supreme Court, as it would be subordinate in the state's judicial system. The other definition is a technical one, meaning that an inferior court is one with certain specific characteristics, including, according to Marshall's and Patton's authorities, the following:
All courts from which an appeal lies are inferior courts in relation to the appellate court before which their judgment may be carried; but they are not therefore inferior courts in the technical sense of those words. They apply to courts of a special and limited jurisdiction, which are erected on such principles that their judgments, taken alone, are entirely disregarded, and the proceedings must show their jurisdiction. The courts of the United States are all of limited jurisdiction, and their proceedings are erroneous, if the jurisdiction be not shown upon them. Judgments rendered in such cases may certainly be reversed, but this court is not prepared to say that they are absolute nullities, which may be totally disregarded.
Kempe's Lessee v. Kennedy, 9 U.S. (5 Cranch) 173, 185, 3 L.Ed. 70 (1809).
The High Court of Errors and Appeals, early on declared the meaning of the term "inferior courts" as it appears in § 172. In Thomas v. State, 6 Miss. (5 Howard) 20 (1840), that Court considered the question of whether the Legislature could, under a constitutional provision similar to § 172, establish an inferior criminal court. In finding the criminal court constitutional, the Court found:
[i]t is not essential in order to sustain the authority of the legislature to create this court, to consider it inferior in relation to the circuit courts, or to any other court created by the constitution save that of the court of errors and appeals.
Thomas, 6 Miss. (5 Howard) at 28.
The Court revisited the "inferior court" concept in Houston v. Royston, 8 Miss. (7 Howard) 543 (1843). The appellants argued that since the Constitution of 1832 specifically established the superior court of chancery giving it full jurisdiction in all matters of equity, any "inferior" court created by statute having "equity" jurisdiction was unconstitutional. The Court took a somewhat different approach in finding an inferior chancery court constitutional. The Court stated:
What is meant by an inferior court, in the sense in which that term is used in the 24th section? The article alluded to enumerates all the courts of the state, beginning with the High Court of Errors and Appeals, and ending with the courts of justices of the peace. Now does the article mean by inferior courts, such courts only as are inferior or below all of those mentioned, even down to a justice's court? I do not so understand it; but I understand it to mean that when the legislature created a court and gave it jurisdiction, that it must be inferior to the court created by the constitution, whose jurisdiction was of the same character as that given to the new court by the legislature. Thus, if the legislature wished to create a court which should exercise a part of the jurisdiction now exercised by the circuit courts, they could only do so by creating a court inferior to the circuit court. For instance: the criminal court exercised jurisdiction given by the constitution to the circuit court, but *570 it was inferior to the circuit court, and on this ground was held to be constitutional; still in the ordinary acceptation of the term, it was superior to other courts, or might have been so in dignity and extent of jurisdiction.
Houston, 8 Miss. (7 Howard) at 549-50.
The Court judicially established that the legislative power to create "inferior courts" is plenary in Thomas, and that those courts may have the same jurisdiction as a constitutionally created court in Houston. Regardless, whether we apply Thomas or Houston, either case would sanction the legislative scheme creating the Court of Appeals. In Ex parte Tucker, 164 Miss. 20, 143 So. 700 (1932), the Court explained exactly why a legislatively created court is "inferior." Tucker filed a petition for writ of habeas corpus, alleging that his felony indictment had been transferred from the circuit court to the county court pursuant to § 694, Miss. Code (1930), with an order of nolle prosequi subsequently entered. The sheriff declined to honor the order and had Tucker jailed. Tucker's petition was denied, and he appealed. Citing Article 6, Section 172 of the Mississippi Constitution, this Court found:
It is well settled ... that the [L]egislature may create inferior courts which shall exercise a jurisdiction far beyond that of a petty court. In fact, it is settled that as respects its constitutional validity all that is required of a court created by legislative act under the quoted constitutional section is that when a new court is created which shall exercise a part of the jurisdiction vested by the Constitution in another court, the said new court must be inferior in ultimate authority to the constitutional court whose jurisdiction is of the same character as that given to the new court. See State v. Speakes, 144 Miss. 125, 159, 109 So. 129. It is competent, therefore, to create a court which may be permitted to exercise in full measure the same jurisdiction as the circuit court, so long as the circuit court shall be superior thereto and this attribute of superiority is accomplished by giving the circuit court the controlling authority of reversal, revisal, correction, and direction over the new court, as by certiorari, appeal, etc.
... .
Looking then at the Constitution as an instrument ordained to stand for all time or for many generations, and keeping in mind that there is an incidental constitutional grant of those powers which are necessary and proper to carry into practical effect the express grants of power, we are now prepared to hold that, in the establishment of the county court, it was within the constitutional authority of the Legislature to authorize the circuit courts to transfer for trial to the county courts, all or such part of the indictments originating in the circuit court as the Legislature should deem expedient, leaving to the discretion of the circuit court the determination of the question whether, and how many of, these indictments so authorized to be transferred should, at any given time or on a particular occasion, be in fact transferred.
Tucker, 164 Miss. at 29-30, 143 So. at 701-02; see also State ex rel. Knox v. Speakes, 144 Miss. 125, 109 So. 129 (1926) (holding that law conferring appellate jurisdiction upon circuit court as to appeals from county court on equity matters is constitutional). Tucker, Thomas and Houston give this Court clear precedent for holding that the Court of Appeals is constitutional.
It is clearly established that what constitutes an "inferior court" as created by legislative act pursuant to constitutional authority is based upon its relation to the constitutionally created court from which the inferior court's jurisdiction is carved.
It appears then that this Court, or its predecessor, has defined an inferior court in the following manner: when the legislature creates a court and bestows jurisdiction upon it, that court must be inferior in ultimate authority to the constitutionally created court which exercises the same jurisdiction. This superiority is shown by giving the constitutional court controlling authority over the legislative court, by appeal or certiorari, for example. Finally, the Legislature has plenary power over appeals where the Mississippi Constitution has not limited this power. *571 It thus appears that the Court of Appeals comes well within the term "inferior court" as it has been construed in this jurisdiction; that inferior courts can be appellate courts; and that the Legislature has the authority to create "inferior" appellate courts.
Reviewing other jurisdictions' considerations of this issue we note the South Carolina Supreme Court addressed the issue of the constitutionality of its legislatively-created Court of Appeals in State ex rel. Riley v. Martin, 274 S.C. 106, 262 S.E.2d 404 (1980). Article 5, Section 1 of that state's constitution stated:
The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law.
The argument was made that Article 5, Section 1 of the South Carolina Constitution limited the plenary legislative power to create such a court in that the Court of Appeals was not of uniform jurisdiction. The South Carolina court rejected the argument, stating:
The argument is soundly made that the clear sense of the phrase is that the Supreme Court and the Circuit Court are themselves courts of uniform jurisdiction. If this was not so, the phrase "such other" would be unnecessary and meaningless. Uniform jurisdiction, therefore, clearly means that other courts may be created by the General Assembly, if they possess the jurisdictional characteristics of either the Supreme Court or the Circuit Court.
The Court of Appeals possesses the same uniform jurisdictional characteristics as held by the Supreme Court and Circuit Court. The Act gives to the Court of Appeals exclusive appellate jurisdiction over all criminal proceedings in the circuit court, and all post conviction proceedings in any court, with the exception of death penalty cases which are appealable directly to the Supreme Court. Decisions of the Court of Appeals are reviewable in the Supreme Court by means of judicial writ. The subject-matter jurisdiction of the Court of Appeals, within the area of its judicial authority, just as with the Supreme Court and Circuit Court, is the same throughout the State. Since the subject-matter jurisdiction is the same throughout the State, it is a Court of "uniform jurisdiction" within the meaning of Article 5, Section 1. We find no language in our prior decisions, when taken in context, that would justify a contrary conclusion.
Riley, 262 S.E.2d at 406. These states found, when reviewing constitutional provisions analogous to those in the Mississippi Constitution, that their legislatures could create a Court of Appeals separate from the Supreme Court, as long as the Supreme Court has the final power of review over a case decided by the Court of Appeals.
Finally, Marshall and Patton argue that under Newell v. State, 308 So.2d 71 (Miss. 1975), and Hall v. State, 539 So.2d 1338 (Miss. 1989), the Legislature, in creating the Court of Appeals, usurped this Court's authority in the area of rulemaking and court procedure. Even the broadest interpretation of Hall provides that only this Court may promulgate rules of court practice, procedure and evidence. Hall does not say that the Legislature may not, under § 172, create inferior courts. In this case the Legislature has created the Court of Appeals and this Court has promulgated the Mississippi Rules of Appellate Procedure, all within the context of Hall v. State and the Mississippi Constitution. In fact, the very legislative act that created the Court of Appeals specified that the Supreme Court will be responsible for prescribing rules governing the administration, practice and procedure within the Court of Appeals. Miss. Code Ann. § 9-4-7 (Supp. 1994). In fact the harmony of two separate but equal constitutional branches of government working together to create a constitutional Court of Appeals is commendable. This Court has in fact already acknowledged its inherent rule-making authority with regards to the Court of Appeals. See Order Adopting the Mississippi Rules of Appellate Procedure No. 89-R-99027-SCT at 3 (Miss. Dec. 15, 1994).
This Court, In the Interest of T.L.C., 566 So.2d 691 (Miss. 1990), discussed its standard *572 of review in considering the constitutionality of a statute:
Without doubt, our constitutional scheme contemplates the power of judicial review of legislative enactments; however, that power may be exercised affirmatively only where the legislation under review be found
[i]n the palpable conflict with some plain provision of the ... constitution.
Statutes such as the Youth Court Act come before us clothed with a heavy presumption of constitutional validity. The party challenging the constitutionality of a statute is burdened with carrying his case beyond all reasonable doubt before this Court has authority to hold the statute, in whole or in part, of no force or effect. When a party invokes our power of judicial review, it behooves us to recall that the challenged act has been passed by legislators and approved by a governor sworn the uphold the selfsame constitution as are we.
T.L.C., 566 So.2d at 696 (quoting Hart v. State, 87 Miss. 171, 176, 39 So. 523, 524 (Miss. 1905)) (citations omitted).
Examination of the language of Miss. Code Ann. § 9-4-3 (Supp. 1994) clearly indicates that the Court of Appeals is of the same character as the Supreme Court as both are appellate courts. Legislatively creating a court of the same type and character as a constitutionally created court is permissible. See, Houston v. Royston, 8 Miss. (7 Howard) 543 (1843). The language of the statute makes clear that the Court of Appeals is not co-equal to the Supreme Court. It does not share the same subject matter jurisdiction. Miss. Code Ann. § 9-4-3(1) reserves unto the Supreme Court absolute subject matter jurisdiction over certain cases. It is also noteworthy that the Court of Appeals does not have original jurisdiction as all cases received by that court are assigned to it by the Supreme Court. Additionally, at any time prior to a final decision by the Court of Appeals, cases are certainly subject to removal and return to the Supreme Court. More importantly, the decisions of the Court of Appeals are subject to limited certiorari by the Supreme Court. It is thus clear that a court is an "inferior court" when subject to the controlling authority or review of a constitutionally created court. See, Ex Parte Tucker, 164 Miss. 20, 143 So. 700 (1932).
This Court holds that Miss. Code Ann. §§ 9-4-1 to -17 (Supp. 1994) are constitutional. Marshall's and Patton's arguments are without merit as clearly shown by controlling constitutional authority and this Court's long history of precedential case law holdings interpreting accordingly the Legislature's authority to create "inferior courts."

CONCLUSION
Although Marshall and Patton have standing to challenge the constitutionality of the statutes as enacted, they have failed to meet their burden of showing beyond a reasonable doubt, that the statutes are unconstitutional. In recalling these cases from the Court of Appeals, following the filing of motions of the appellants and after assignments had been made, we are not unaware of the following provisions of M.R.A.P. 16(e):
After entry of an order assigning a case to the Court of Appeals, neither the Court of Appeals nor any party may file any pleading or certification seeking reassignment. Any reassignment may take place only on the motion of the Supreme Court.
However, the Court of Appeals is in its infancy and before today there has been no judicial consideration of its constitutional foundation. In the exercise of our authority and responsibility to suspend the rules under M.R.A.P. 2(c), we have found that the expeditious administration of justice required this action in order to provide litigants, the Mississippi State Bar, and the Court of Appeals with a consideration of this important question. In doing so we have not abrogated M.R.A.P. 16(e), nor should our action lead future litigants to mistakenly believe that we have created a mechanism or tactic to effectuate a recall of cases in the future.
The cases of Thomas, Houston, and Tucker consistently since 1840 have held that the Legislature may create "inferior courts." The Legislature acted within its constitutionally vested power in creating the Court of Appeals. There is no violation of the doctrine of separation of powers. We hold that *573 Miss. Code Ann. §§ 9-4-1 to -17 (Supp. 1994), as enacted by the Legislature, are constitutional. There is no violation of the Mississippi Constitution or statutes in the Court of Appeals considering Marshall's and Patton's cases on the merits. Their cases will be assigned to the Court of Appeals for consideration on the merits.
OBJECTION AND/OR MOTION THAT THE CASES NOT BE REMANDED OR ASSIGNED TO THE COURT OF APPEALS DENIED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
HAWKINS, C.J., concurs with separate written opinion.
McRAE, J., dissents with separate written opinion.
HAWKINS, Chief Justice, concurring:
I am in full agreement with the ably-expressed views of Justice Smith answering the inevitable challenge to the constitutionality of Miss. Code Ann. §§ 9-4-1 to -17. His studious and thoughtful analysis is a recognition that the constitutional authority of the Legislature to create and empower a Court of Appeals to hear, determine and conclude cases on appeal must, in the beginning, be put to rest. Forever. This he has clearly done in denying the motion.
There is additional support for today's holding, if such were needed, in the constitutional scheme of state and federal governments, familiar to any student on the subject. While adverted to in Justice Smith's opinion, it bears emphasis.
I have never conceded, nor can I, as asserted in Hall v. State, 539 So.2d 1338 (Miss. 1989), that this Court has the power to the exclusion of the Legislature to promulgate rules of practice and procedure in the courts of this State. Even if this were correct, however, the right to appeal is not, nor can it be, a court-created right. Courts can only hear cases authorized under a Constitution. No court can solely and upon its own initiative lawfully create unto itself jurisdiction. Its subject matter authority to hear and determine a particular case must come from a Constitution or a statute. Indeed, the question of whether any court is free to say unto itself, "I will decide on my own the subject matter of cases I can hear, and don't need to determine whether there is any constitutional or statutory authority therefor," answers itself.
And, the right of appeal in this state, as Justice Smith observes, has from the beginning been a statutory right only, governed solely by statute. Because under the constitutional scheme of government it is universally recognized that the right of appeal is governed solely by statute, a legislatively-created right only, then clearly the Legislature must have authority to create courts of appeals to hear appeals it authorizes.
"One of the methods whereby the authors of the United States Constitution expected to keep the judicial power under proper check was by vesting in Congress control of appellate jurisdiction of the Supreme Court." McDowell, Curbing the Courts, 121-30 (Louisiana State University Press, 1988).
As a delegate to the Virginia Ratifying Convention, John Marshall explained, "Congress is empowered to make exceptions to the appellate jurisdiction, as to law and fact, of the Supreme Court. These exceptions go as far as the legislature may think proper for the interest and the liberty of the people." Id. at 122.
In the concluding sentence to Article III, Section 2, Clause 2, the United States Constitution provides: "In all the other Cases before mentioned, the Supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make."
In Wiscart v. D'Auchy, 3 U.S. (3 Dall.) 321, 327, 1 L.Ed. 619 (1796), Chief Justice Ellsworth acknowledged that Congress had exclusive control of what cases could and could not be heard on appeal:
In all other cases [other than those of original jurisdiction], only an appellate jurisdiction is given to the court; and even the appellate jurisdiction is, likewise, qualified; *574 inasmuch as it is given "with such exceptions, and under such regulations, as the Congress shall make." Here then, is the ground, and the only ground, on which we can sustain an appeal. If Congress has provided no rule to regulate our proceedings, we cannot exercise an appellate jurisdiction; and if the rule is provided, we cannot depart from it.
See also, Sheldon v. Sill, 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850); Ex parte Yerger, 75 U.S. (8 Wall.) 85, 19 L.Ed. 332 (1868); The "Francis Wright", 105 U.S. 381, 26 L.Ed. 1100 (1882); St. Louis, Iron Mountain and Southern Railway v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061 (1908).
This principle, that the right of appeal is purely a statutory right was not, and is not, confined to the United States Constitution. Virtually every state has adopted this principle. The mere fact that a state constitution creates and vests in a supreme court appellate jurisdiction does not operate to create any right of appeal.
First, however, Mississippi.
Steele v. Shirley, 17 Miss. (9 S. & M.) 382 (1848), held that no appeal exists in the absence of a law prescribing its terms and mode.
Dismukes v. Stokes, 41 Miss. 430, 432-33 (1867), recognized the Constitution conferred upon the Mississippi Supreme Court "such jurisdiction as properly belongs to a Court of Errors and Appeals." Id. at 432 (quoting Miss. Const. of 1832, Article IV, Section 4.) This did no more than establish a court of appellate jurisdiction, however. As to what matters could be brought before the Supreme Court, this Court held that in the absence of instances where "specific rights are secured to a party in the constitution, with a remedy indicated for their protection," Id. at 433, then "the power is conceded to the legislature to prescribe the forms of actions and the modes of proceeding in courts, and to limit the cases and the extent to which certain remedies may be pursued." Id. This is based upon "general considerations of public policy, which, for the most part, must be determined by the legislature... ." Id.
Then in Bridges v. Board of Supervisors of Clay County, 57 Miss. 252, 254 (1879), this Court held:
It has been settled from an early day in this State that appeals are not a matter of right, and are allowable only in cases provided for by statute; and then only on the terms prescribed by the statute; that these terms must be strictly complied with, and are conditions precedent to the jurisdiction of the appellate court. Parker v. Willis, 27 Miss. [(5 Cushm.)] 766; Hardaway v. Biles, [9 Miss. (1 Smedes & M.) 657]; Porter v. Grisham, [4 Miss. (3 How.) 75]; Carmichael v. Trustees, [4 Miss. (3 How.) 84]; Pickett v. Pickett, [2 Miss. (1 How.) 267].
State v. Poplarville Sawmill Co., 119 Miss. 432, 441, 81 So. 124, 127 (1919), held, "Appeals are regulated by statute, and only lie in cases provided by statute." And, in Union Motor Car Co. v. Cartledge, 133 Miss. 318, 97 So. 801 (1923), we held: "In order to obtain the appeal he must comply with the statute, and consent cannot confer jurisdiction in this court to entertain appeals when statutory proceedings are not followed. Section 61, Code of 1906 (Section 37, Hemingway's Code)." Id. at 330-31, 97 So. at 804. In sustaining a motion to dismiss an appeal in Jones v. Cashin, 133 Miss. 585, 98 So. 98 (1923), we held: "An appeal is not a matter of right, and only lies when authorized by law. No statute authorizing this appeal has been called to our attention... ." Id. at 590, 98 So. at 99 (citations omitted).
Thereafter, in McClanahan v. O'Donnell, 148 Miss. 478, 114 So. 336 (1927), we held: "An appeal is solely a statutory right, and, in the absence of fraud or fault on the part of the opposing litigant who has secured a judgment or decree in his favor, the party desiring to appeal therefrom must pursue the method and remedy provided by statute." Id. at 490, 114 So. at 338.
In Shapleigh Hardware Co. v. Brumfield, 159 Miss. 175, 179, 130 So. 98, 98-99 (1930), we reiterated:
The Constitution does not provide the procedure for removing cases from a trial court to the supreme court, leaving the procedure therefor to be regulated wholly *575 by the legislature, from which it follows that a case can be removed from a trial court to the Supreme Court for review only in the manner provided by a statute. Dismukes v. Stokes, 41 Miss. 430; 3 C.J. 299.
In Worley v. Pappas, 161 Miss. 330, 332, 135 So. 348, 349 (1931), Justice Griffith for this Court again noted, "it has been settled from an early day in this state that appeals are not a matter of right, and are allowable only in cases provided for by statute."
In Jackson County v. Meaut, 185 Miss. 235, 238, 189 So. 819, 820 (1939), we held:
A person whose rights are involved in controversy is entitled to access to the proper court of original jurisdiction, to a judgment settling his rights, and for the processes of that court to enforce the rights so adjudicated. But a person is not entitled to appeal from the judgment of a court of original jurisdiction to the Supreme Court of the state, or to an appellate court, without complying with the conditions authorizing an appeal to be made. Woods v. Davidson, 57 Miss. 206.
In Craig v. Barber Bros. Contracting Co., 190 Miss. 182, 187, 199 So. 270, 272 (1941), we held: "In this state, appeals are regulated by statute and only allowed in cases provided by statute... . Appeals from interlocutory orders or decrees apply only to cases in the chancery court, and no contention is here made to the contrary... ."
In Jackson v. Gordon, 194 Miss. 268, 273, 11 So.2d 901, 902 (1943), Justice Griffith, again speaking for this Court, held:
Appeals are not matters of right, and are allowable only in cases provided by statute. When under the statute it is clear that no appeal will lie, jurisdiction thereof cannot be aided either by the consent or by the conduct of the parties  the statute itself must supply the right, else it does not exist.
Then in J.R. Watkins Co. v. Guess, 196 Miss. 438, 17 So.2d 795 (1944), we held that "The requirements for appeals are purely statutory... . Nor are such appeals on procedural questions saved on the assertion that they avoid expense and delay[,]" we concluded in Universal Life Ins. Co. v. Keller, 197 Miss. 1, 6, 17 So.2d 797, 798 (1944).
This Court, through Justice Gillespie, held in State ex rel. Patterson v. Autry, 236 Miss. 316, 320-21, 110 So.2d 377, 378 (1959):
The right to an appeal is one regulated by statute. Steele v. Shirley, [17 Miss. (9 Smedes & M.) 382]; State, ex rel. Brown v. Poplarville Sawmill Company, 119 Miss. 432, 81 So. 124. It has long been the settled law of this State that appeals are not a matter of right except insofar as the right is given by statute. Bridges v. Board of Sup'rs of Clay County, 57 Miss. 252; Jones v. Cashin, 133 Miss. 585, 98 So. 98.
We repeated in McMahon v. Milam Mfg. Co., 237 Miss. 676, 679, 115 So.2d 328, 330 (1959): "Appeals are regulated by statute, and only lie in cases provided by statute."
In Miller Transporters Ltd. v. Johnson, 252 Miss. 244, 249, 172 So.2d 542, 544 (1965), we again held, "The right to appeal is a statutory privilege, granted and defined by the legislature."
Finally, in Sanford v. Board of Supervisors, Covington County, 421 So.2d 488, 490-91 (Miss. 1982), Justice Broom for this Court, unequivocally held: "As noted in Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961), an appeal is not a matter of right but is subject to the statutory provisions... ." See also City of Mound Bayou v. Johnson, 562 So.2d 1212, 1220-24, 1228-32 (Miss. 1990) (Hawkins, P.J., dissenting); Bickham v. Dept. of Mental Health, 592 So.2d 96, 97 (Miss. 1991) (holding that right to appeal is statutory).

OTHER STATES
The holdings of this Court as to appellate jurisdiction are in the thread of the mainstream of holdings throughout the United States. In innumerable cases from the other states it is clear that a constitution which simply creates a supreme court as a court of appellate jurisdiction without more creates no constitutional right of appeal. All rights to appeal under such constitutions are governed solely by statute. In the absence of some specific constitutional provision as to an *576 appeal, no appeal can be made in the absence of statute. It is likewise universally held that supreme courts have no authority to either enlarge or diminish appeal rights conferred by statute. Moreover, this subject matter jurisdiction can neither be consented to nor waived. All this can be gathered by referring to 4 C.J.S. Appeal & Error §§ 1, 2, 8, 18 (1957); 4 Am.Jur. Appeal & Error §§ 4, 6; the American Digests, Key Numbers 1 and 2, and the literally hundreds of cases annotated in these authorities. A random sample of these holdings is set forth in an appendix.

* * * * * *
The challenge in this case is to Constitutional authority for the enactment of Miss. Code Ann. §§ 9-4-1 to -17. As above noted, because all appeals are governed by statute, the Legislature must have the authority to create courts needed to hear and determine appeals.
It goes without saying that the Legislature, once having granted a right of appeal, must also give due process of law to any litigant exercising such right. No deprivation of due process is alleged in this case in the enactment of Miss. Code Ann. §§ 9-4-1 to -017, or Rules we have promulgated pursuant thereto.
Finding that the Legislature clearly has the Constitutional authority for the enactment of Miss. Code Ann. §§ 9-4-1 to -17, I concur in denying the motion for this Court to retain these causes.

APPENDIX
It should first be noted that most state supreme courts, either by express constitutional authority to promulgate rules of practice and procedure and/or to superintend and control trial courts, or else express Legislative statutory authority therefor, have been granted the power to make rules of practice and procedure.
Our Constitution gives this Court no such authority, but rather Article 6, Section 146 states in pertinent part: "The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.
The point of these observations is to make clear that even though supreme courts and appellate courts in other states may have been given broad constitutional or statutory authority to promulgate rules of practice, even to the exclusion of the Legislature, this does not give those courts power to grant appeals on their own. The right of appeal in those states remains, as we consistently held in this State for 175 years, purely a creature of statute.

ALABAMA
A state in which the Supreme Court is both by constitution and legislative enactment given broad powers to make rules of procedure in trial and appellate courts, nevertheless noted in John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073 (Ala. 1988): "A litigant does not have a vested right to a review by an appellate court; rather he obtains a right to appeal, if at all, by grace of statute." And, in Ex Parte Ward, 540 So.2d 1350, 1351 (Ala. 1988), the Court added: "There are, however, some limitations on our authority to promulgate and effectuate rules... . Rules shall not abridge, enlarge or modify the substantive right of any party... . Nor, generally, can a rule of court enlarge or restrict jurisdiction."

ARIZONA
The Arizona Constitution gives the Supreme Court of that state exclusive authority to promulgate rules of procedure. Ariz. Const. art. 6, § 5. The Arizona Supreme Court nevertheless held in Matter of Appeal in Pima County Juvenile Action, 135 Ariz. 278, 660 P.2d 1205, 1207 (1982):
The substantive right to appeal in any class of cases can be created only by constitution or statute... . Although the procedural aspects of processing an appeal are subject to the exclusive regulation of this court, the substantive right to appeal is statutory and this court may not diminish or alter that right.

*577 CALIFORNIA
It is settled the right of appeal is statutory and a judgment or order is not appealable unless expressly made so by statute... . There is no federal nor state constitutional right to an appeal or other review of a judicial decision. The Legislature may abolish the right altogether. Agricultural Labor Relations v. Abatti Produce, 168 Cal. App.3d 504, 214 Cal. Rptr. 283 (4th Dist. 1985). The right of appeal is wholly statutory... . Thus, in general, no judgment or order is appealable unless it comes within one of the classes enumerated in the statutes. An order granting partial judgment on the pleadings is not among those interlocutory orders which Code of Civil Procedure section 904.1 makes appealable.
Uptain v. Duarte, 206 Cal. App.3d 1258, 254 Cal. Rptr. 150, 152 (5th Dist. 1988).

CONNECTICUT
"It has been repeatedly held that the right to appeal exists solely by statute and that statutes circumscribe and govern the appeals which are taken pursuant to them ... . . [J]urisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver." Dondero v. Administrator, Unemployment Comp. Act, 30 Conn. Supp. 105, 302 A.2d 127, 128 (Conn.C.P. 1972).
"The right to an appeal is not a constitutional one. It is a statutory privilege, available only to one who has strictly complied with the rules pertaining thereto... . Unless the statute and applicable rules of law clearly permit such appeals, the courts are without jurisdiction to entertain them." City of Hartford v. Connecticut Natural Gas Corp., 31 Conn.Sup. 65, 321 A.2d 869, 874 (1973).

GEORGIA
The technical right of appeal was not known to the common law; it exists only by virtue of the statute or constitutional provision. Therefore, a party has no vested right to an appeal from one court to another. In National Union, etc. Assn. v. Arnold, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954), the Supreme Court stated that the provision of the Fourteenth Amendment to the United States Constitution requiring due process of law does not contemplate the right to appeal. Where such right of appeal is given, the state may prescribe the conditions and procedure to be followed... .
Alexander v. Blackmon, 129 Ga. App. 214, 199 S.E.2d 376, 378 (1973) (citations omitted).
The right of appeal in Georgia is not absolute. There is no section of the Constitution which specifically provides for an appeal. The State Constitution provides that the superior courts shall have appellate jurisdiction in such cases as the General Assembly may by law provide. Furthermore, the Constitution gives the General Assembly the authority to enact laws placing conditions upon appeals... .
Hancock v. Board of Tax Assessors of Harris County, 226 Ga. 570, 176 S.E.2d 102, 103 (1970) (citations omitted).

IDAHO
"The right of appeal is statutory... . Absent a statutory basis for appeal, there is no right to appeal." Matter of Estate of Spencer, 106 Idaho 316, 318, 678 P.2d 108, 110 (1984).
"All appeals are pure creatures of statute... . Furthermore, an appellate tribunal derives its jurisdiction from the law. It cannot be acquired by estoppel or consent alone." Antrim v. Civil Service Com'n of City of Des Moines, 261 Iowa 396, 154 N.W.2d 711, 714 (1967).
"It is fundamental that the right of appeal is purely statutory and may be granted or denied by the legislature as it determines. Unless the statute makes provision therefor, expressly or by plain implication, there is no right of appeal." Boomhower v. Cerro Gordo County Board of Adjust., 163 N.W.2d 75, 76 (Iowa 1968).

KANSAS
"We have consistently held the right to an appeal is neither a vested nor a constitutional right, but is strictly statutory in nature. *578 This right may be limited by the legislature to any class of cases, or in any manner, or it may be withdrawn completely." Haas v. Freeman, 236 Kan. 677, 693 P.2d 1199, 1204 (1985).

MAINE
The right of appeal is not a constitutional one; nor does it arise under the common law; it is purely statutory. The Legislature, in granting a right to appeal in certain cases, may restrict, limit or otherwise condition its availability as it sees fit. All statutory requirements for perfecting an appeal are jurisdictional and require strict compliance.
Rice v. Amerling, 433 A.2d 388 (Me. 1981) (citations omitted).

MISSOURI
"The right of appeal is statutorily governed by § 512.020, RSMo 1978 and Rule 81.06 cannot extend it." Wirthlin v. Wirthlin, 662 S.W.2d 571, 572 (Mo. App.E.D. 1983).
"It is elementary that the right of appeal is purely statutory." Roberts v. Harms, 698 S.W.2d 608, 610 (Mo. App.W.D. 1985).

NEW MEXICO
Article VI, Section 3 of the New Mexico Constitution gives the Supreme Court broad powers, including "superintending control over all inferior courts." Article VI, Section 2 also gives an aggrieved party an absolute right to one appeal, a provision absent in most state constitutions.
In State v. Garcia, 101 N.M. 232, 680 P.2d 613, 615 (N.M.App. 1984), the Court of Appeals noted: "The inherent power to prescribe rules and regulate pleadings, practice and procedure in all courts of this State is vested in the Supreme Court under N.M. Const. art. III, § 1, and N.M. Const. art. VI, § 3."
Yet, in Hillhaven Corp. v. Human Services Dept., 108 N.M. 372, 772 P.2d 902, 903 (Ct. App. 1989), the Court held: "[A] right of appeal is conferred by substantive law and is outside the supreme court's rule-making ability... . The supreme court is powerless to create a substantive right of appeal by adopting a rule... . [T]his court is without jurisdiction to consider the matter." 772 P.2d at 904.

NEW YORK
"The right to appeal is not an inherent one, but rests upon the statute alone... . We cannot by construction extend the statutory limitations thus placed upon our jurisdiction which are clearly defined." Stull v. Then, 247 A.D. 85, 286 N.Y.S. 914, 916 (N.Y.A.D. 4 Dept. 1936).
"There is no inherent right to appeal either in civil or criminal matters. There must be statutory authority therefor." In re Reardon, 278 A.D. 206, 104 N.Y.S.2d 414, 417 (N.Y.A.D. 4 Dept. 1951).

OHIO
"There is no right independent of statute to appeal in any case by anyone." City of Cincinnati v. Kellogg, 86 Ohio App. 518, 92 N.E.2d 609, 612 (1949).

OREGON
Analysis of appealability begins with the recognition of some basic precepts. A party does not have an inherent right to appellate court review; the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision.
Waybrant v. Bernstein, 294 Or. 650, 661 P.2d 931, 933 (1983).

PENNSYLVANIA
"This Court has long recognized that the Legislature has the right to preclude appeals." City of Washington v. Police Department, 436 Pa. 168, 172, 259 A.2d 437, 439-40 (1969).

SOUTH DAKOTA
In 1898 the Supreme Court of South Dakota settled in that state the question of whether a constitutional provision creating a state supreme court which would have "appellate jurisdiction," without more, constitutionally granted a right of appeal. That Court, as *579 other state courts have consistently held, said it did not.
[T]hat section does not attempt to define or prescribe in what cases an appeal may be taken to the supreme court. The object and purpose of the section seems to be to define and limit the jurisdiction of the supreme court, and not in any manner define the class of cases in which an appeal might be taken. The language of the section, defining and limiting the jurisdiction of the supreme court, cannot, by any fair construction, be held to confer upon parties the right of appeal in all cases of which the supreme court has been given jurisdiction. It is quite clear from the provisions of sections 18 and 20 that the framers of the fundamental law intended to leave the power over the subject of appeals to the legislature, to be exercised in such manner as public policy and the best interests of the people might require.
McClain v. Williams, 10 S.D. 332, 334, 335, 73 N.W. 72, 73-74, 288 (1897).

VERMONT
"The right of review in this Court, which the respondent seeks, is not provided by statute, and without such authority this Court has no jurisdiction to entertain an appeal." State v. Laplaca, 126 Vt. 171, 224 A.2d 911 (1966).

WISCONSIN
The right of appeal is not discretionary with the Supreme Court, and jurisdiction can only be acquired by this court or by the circuit court acting as an appellate court under the rules of appealability established by the legislature. In Mequon v. Bruseth (1970), 47 Wis.2d 791, 794, 177 N.W.2d 852, 854, we said:
In order for there to be a right of appeal some statute must grant it and a party seeking to appeal must follow the method prescribed in the governing statute.
Walford v. Bartsch, 65 Wis.2d 254, 258, 222 N.W.2d 633, 635 (1974).

WYOMING
The right of an appeal is a privilege rather than a right.
It is well settled that, in the absence of a direct constitutional requirement, the right of appeal does not exist unless expressly conferred by statute. The right to have a judgment of an inferior tribunal reviewed by writ of error or appeal is not a natural or inherent right. It pertains merely to the mode of judicial procedure or the remedy. Unless it is guaranteed as a matter of right in the Constitution, the Legislature has power to pass laws not only regulating the mode of proceeding, but limiting the cases in which the right may be exercised. The legislature has authority to abridge or extend the right of appeal at its discretion and can determine in what cases and under what circumstances appeals may be taken... .
Geraud v. Schrader, 531 P.2d 872, 875 (Wyo. 1975).
It [remedy of appeal] was entirely unknown to the common law. Consequently, the remedy by appeal in actions at law and in equity is purely of constitutional or statutory origin, and exists only when given by some constitutional or statutory provision, and the courts have no inherent authority with respect thereto.
b. Power of Legislature over Remedy
... .
Except where the right of appeal is secured by the constitution so as to have become a constitutional right, it is, in accordance with the general principles stated supra §§ 1, 8a, dependent entirely upon statute, and is subject to the control of the legislature, which may, in its discretion, grant or take away the remedy, and prescribe in what cases, under what circumstances, in what manner, and to or from what courts, appeals may be taken.
4 C.J.S. Appeal and Error § 18, pp. 94-100 (1957) (emphasis added).
Except to the extent that constitutional provisions impose limitations, the legislatures of the several states and of the federal government have authority to abridge or extend the right to an appeal *580 at their discretion. Even the existence of a general constitutional right to appeal does not preclude reasonable legislative regulation and control of the right, and absent specific constitutional provisions, the legislature may ordinarily determine in what cases, under what circumstances, and from what courts, appeals may be taken.
4 Am.Jur. Appeal and Error § 6 (1962).
McRAE, Justice, dissenting:
The majority erroneously addresses the merits of the defendants' claims since neither defendant has standing to challenge the constitutionality of Miss. Code Ann. § 9-4-1 (1994). "Established law is that constitutional issues are not reached if cases can be resolved upon other bases and surely this includes the right to invoke the jurisdiction of the Court." Williams v. Stevens, 390 So.2d 1012, 1014 (Miss. 1980).
The initial facts of this case demonstrate that Marshall's appeal was never deflected to the Intermediate Court of Appeals.[1] Instead, an order was entered on December 29, 1994 retaining Marshall's appeal before it left this Court. The original majority opinion mistakenly represented that both cases were deflected to the Court of Appeals. Patton's case was initially assigned to the Court of Appeals on January 6, 1994 and later recalled to this Court.[2] However, when it was brought to the attention of the majority that Marshall could not possibly have standing to raise the constitutional issues presented in his appeal because it had never been deflected to the Court of Appeals or handled by any personnel at the Court of Appeals, an order was subsequently entered on September 21, 1995 deflecting 92-KA-909 to the Court of Appeals. See Appendix 1. This order was followed by another order entered on September 22, 1995 recalling 92-KA-909 to this Court. See Appendix 2. What is of interest is that both orders are to be filed the day this opinion is released. Nothing was done by the Court of Appeals in either of the cases. Despite the majority's creation of facts in the Marshall case, they have failed to create standing in either case.
Marshall and Patton remain without standing simply because they have not been denied any privilege, right, or opportunity as a result of the creation of the Court of Appeals. The basis for their constitutionality argument is that they have been denied the right to appeal to the Supreme Court of Mississippi. Because their cases are in fact before this Court for review, they have not been denied this right.
A mere inchoate right is not sufficient to give one standing. Crawford Commercial Constructors v. Marine Indus. Residential Insulation, 437 So.2d 15, 16 (1983). In Reynolds v. State, 521 So.2d 914 (Miss. 1988), the appellant attacked the constitutionality of Miss. Code Ann. § 99-39-3, the Mississippi Uniform Post-Conviction Collateral Relief Act. We concluded that the appellant lacked standing because there was no provision of the Act which disadvantaged him in his appeal to this Court. Reynolds, 521 So.2d at 915. The Act simply did not impact the resolution of his petition for relief. Id.; see also Aldridge v. State, 524 So.2d 330, 331 (Miss. 1988) (holding that appellant lacked standing to challenge constitutionality of Miss. Code Ann. § 99-39-3 because its provisions did not deny defendant any of his asserted constitutional rights).
Likewise, neither Patton nor Marshall have been disadvantaged by the legislature's creation of the Court of Appeals in Miss. Code Ann. § 9-4-1 (1994). Their appeals will not be resolved by that court. They will *581 continue to be without standing to challenge the constitutionality of the Appellate Court unless their appeals become subject to the jurisdiction of the Appellate Court. It makes no difference that their appeals were once subject to Appellate Court jurisdiction. The fact remains that both appellants' cases are now no longer under its jurisdiction. They will not, in any way, be affected by its existence. See Mississippi Ins. Guar. Ass'n v. Gandy, 289 So.2d 677, 679 (Miss. 1973) ("It is likewise well settled that one not harmed or injured by statute may not question its constitutionality."). Therefore, Patton and Marshall positively lack standing to challenge the constitutionality of that court. The majority's rush to judgment on the constitutional issue of a court that was promulgated by this Court is obvious. It is better to wait when the constitutional issue is properly before us. Accordingly, I dissent.

APPENDIX 1

ORDER
It having come to the attention of the Court that by prior order the appeal in above-styled cause has heretofore been consolidated with that cause styled and numbered David Gaston Marshall v. State of Mississippi, No. 92-KA-00606, and that the latter has been assigned to the Court of Appeals, the court finds that the above-styled cause should be likewise assigned.
IT IS, THEREFORE, ORDERED that the above-styled and numbered cause be assigned to the Court of Appeals of the State of Mississippi.
SO ORDERED, this, the 21st day of September, 1995.
 /s/ Armis E. Hawkins, Chief Justice
 ARMIS E. HAWKINS, CHIEF
 JUSTICE,
 FOR THE COURT

APPENDIX 2

ORDER
The above styled and numbered cause, having been consolidated with that styled and numbered David Gaston Marshall v. State of Mississippi, No. 92-KA-00606, and the latter having by prior order been recalled to this Court, the Court finds that it is appropriate that this case also be recalled.
IT IS, THEREFORE, ORDERED that the above-styled and numbered cause be recalled and reassigned to this Court for further disposition as may be appropriate.
SO ORDERED, this, the 22nd day of September, 1995.
 /s/ Armis E. Hawkins, Chief Justice
 ARMIS E. HAWKINS, CHIEF
 JUSTICE,
 FOR THE COURT
NOTES
[1] Marshall filed a notice of appeal on June 17, 1992 which was assigned cause number 92-KA-606. That case was consolidated with cause number 92-KA-909 which was another appeal Marshall had pending before this Court at the time. By order dated October 29, 1992, the consolidated cases were to be considered by this Court as Cause No. 92-KA-909. Cause No. 92-KA-909 was never deflected to the Court of Appeals.
[2] The majority's mistake was likely due to the April 4, 1995 order recalling Patton's appeal because it also listed the Marshall case as being recalled. This was inaccurate because the Marshall case was not deflected to the Court of Appeals prior to this date.